# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SABRIC and GENEVIEVE SABRIC,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>LOCKHEED MARTIN and US SECURITY ASSOCIATES, INC.,<br><br>　　Defendants. | NO. 3:09-CV-02237<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is the Motion to Remand filed by Plaintiffs Andrew Sabric and Genevieve Sabric. (Doc. 2.) For the reasons discussed more fully below, the Court will deny the Motion to Remand.

## BACKGROUND

Plaintiffs filed a Complaint in the Court of Common Pleas of Lackawanna County on October 14, 2009. On November 3, 2009, Defendant Lockheed Martin filed a Petition for Removal based on diversity of citizenship; on November 9, 2009, this Court issued a Memorandum Order denying the petition for removal due to defects in the allegations of diversity. On November 13, 2009, Lockheed Martin filed an Amended Notice of Removal, arguing that Lockheed Martin's principal place of business is, in fact, Bethesda, Maryland, thereby creating complete diversity of citizenship. On November 17, 2009, Plaintiffs filed a Motion to Remand, arguing that Lockheed Martin had not met its burden of proving that its principal place of business is in Maryland, and that diversity was not destroyed. This motion has been fully briefed and is ripe for disposition.

**LEGAL STANDARD**

On a motion to remand, the removing party bears the burden of establishing the propriety of removal. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied,* 498 U.S. 1085 (1991). Furthermore, "removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Id.*

**DISCUSSION**

Pursuant to 28 U.S.C. § 1447(c), this Court must remand any action if "it appears that the district court lacks subject matter jurisdiction." Thus, since this case is before the Court on the basis of our diversity jurisdiction, we must remand if there exists a want of diversity of citizenship. In order for a federal court to exercise its jurisdiction on the basis of diversity of citizenship, there must be "complete diversity" between the parties. Thus, "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978).

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the entity's state of incorporation and its principal place of business. In *Kelly v. U.S. Steel Corp.*, 284 F.2d 850 (3d Cir. 1960), the Third Circuit Court of Appeals articulated the applicable test to determine a corporation's principal place of business. In *Kelly*, the corporate defendant had "literally dozens of important places of business" that could have serve as the principal place of business. *Id.* at 853. The Third Circuit Court of Appeals held that a corporation's principal place of business is located

wherever the corporation has its "center of corporate activity." *Id.* at 854.

The federal removal statute is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990)). The Third Circuit Court of Appeals has held that the preponderance of the evidence standard applies to "all facts supporting diversity jurisdiction." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 289 (3d Cir. 2006). The party asserting jurisdiction has the burden of showing "that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett*, 357 F.3d at 396. A court can evaluate the jurisdictional facts without a hearing so long as the parties are afforded notice and a full and fair opportunity to be heard. *Id*. at 290 (citing *Tanzymore v. Bethlehem Steel Corp.*, 457 F.2d 1320, 1323-24 (3d Cir. 1972)).

When a defendant removes a case based on diversity of citizenship, the well-pleaded complaint rule does not apply and the "defendant may submit affidavits and deposition transcripts in support of a removal petition, and plaintiff may submit counter-affidavits and deposition transcripts along with the factual allegations contained in the verified complaint in support of remand." *Munich Welding, Inc. v. Great American Insurance Company*, 415 F. Supp.2d 571, 573 (W.D. Pa. 2006).

Seemingly, both parties agree that Plaintiffs are citizens of Pennsylvania, U.S. Security is a citizen of Georgia, and that Lockheed Martin's state of incorporation is Maryland. What remains to be determined is Lockheed Martin's principal place of business; Plaintiffs contend it is the Archbald, Pennsylvania facility, Lockheed Martin contends it is in

Bethesda, Maryland.

Plaintiffs' Motion to Remand was accompanied by an affidavit from Plaintiffs' counsel stating that Lockheed Martin advertises its Archbald, Pennsylvania location ("the Archbald facility") as one the largest high technology employers in the Greater Scranton area and that six hundred seventy (670) employees are located at the Archbald facility. The affidavit also asserts Lockheed Martin has substantial assets, real estate, and employees located at other locations throughout Pennsylvania.

Lockheed Martin submitted several exhibits along with its Brief in Opposition, attempting to prove that its principal place of business is Maryland. Article IV of Lockheed Martin's corporate charter states that the "principal office" of the corporation is in Bethesda, Maryland. (Doc. 7, Ex. A.) The company's 2008 Annual Report states that Lockheed Martin operated over five hundred (500) locations throughout the United States and abroad. (Doc. 7, Ex. C.) The company's 2008 Annual Report also lists facilities that housed over 500,000 square feet of floor space; most of the business segments listed, such as electronic systems and aeronautics, have several locations listed, whereas the only location listed for "corporate activities" is Bethesda, Maryland. (Doc. 7, Ex. C.) An affidavit from Lockheed Martin's Vice President and Secretary, Lillian M. Trippett, states that only 6,000 of Lockheed Martin's approximately 146,000 employees work in Pennsylvania. (Doc. 7, Ex. D.) A map submitted by Lockheed Martin displaying the various locations where the company has facilities show that "Corporate Headquarters" are in Bethesda, Maryland. (Doc. 7, Ex. E.)

Given the amount of evidence that Lockheed Martin has produced demonstrating the their corporate activities are centered in Bethesda, Maryland, it has met its burden of showing by a preponderance of the evidence that it is a Maryland corporation with a principal

place of business in Bethesda, Maryland. As such, it has proven all the facts required to show complete diversity of citizenship. Plaintiffs are citizens of Pennsylvania, Defendant U.S. Security is a citizen of Georgia, and Defendant Lockheed Martin is a citizen of Maryland. Therefore, Plaintiffs' motion to remand will be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand will be denied.

| | |
|---|---|
| February 10, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SABRIC and GENEVIEVE SABRIC, | NO. 3:09-CV-02237 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| LOCKHEED MARTIN and US SECURITY ASSOCIATES, INC., | |
| Defendants. | |

## ORDER

**NOW**, this  10th  day of February, 2010, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 2) is **DENIED**.

 

                                              /s/ A. Richard Caputo  
                                              A. Richard Caputo  
                                              United States District Judge