# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SABRIC and GENEVIEVE SABRIC, <br><br> Plaintiffs, <br><br> v. <br><br> LOCKHEED MARTIN and US SECURITY ASSOCIATES, INC., <br><br> Defendants. | NO. 3:09-CV-02237 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Defendant Lockheed Martin's Motion For a More Definite Statement, to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted, and to Strike (Doc. 5) and Defendant U.S. Security Associate's ("U.S. Security") Motion to Dismiss (Doc. 11).

## BACKGROUND

On October 14, 2009, Plaintiffs Andrew and Genevieve Sabric, as co-executors of the estate of Deborah Bachak ("Plaintiffs' Decendent"), filed a complaint in the Court of Common Pleas of Lackawanna County. (Doc. 1, Ex. A.) Plaintiffs' Decedent was an employee of Lockheed Martin. (*Id.* at ¶ 10.) Lockheed Martin hired U.S. Security to provide uniformed and armed guard services at Lockheed Martin's facility in Archbald, Pennsylvania; one of U.S. Security's employees, George P. Zadolnny, became romantically involved with Plaintiffs' Decedent. (*Id.* at ¶¶ 8-11.) This relationship ended in October 2008, at which point Zaldonny began to act in abusive manner toward Plaintiffs' Decedent while working at Lockheed Martin's facility. (*Id.* at ¶ 11-12.) On December 16, 2008, an argument, allegedly witnessed

by several Lockheed Martin employees, took place between Zaldonny and Plaintiffs' Decedent, at which point Zaldonny drew his weapon, shot Plaintiffs' Decedent five (5) times, and then shot himself; both Zaldonny and Plaintiffs' Decedent died as a result. (*Id.* at ¶ 15.) Plaintiffs allege that both Lockheed Martin and U.S. Security knew of the romantic relationship between Zaldonny and Plaintiffs' Decedent, that Zaldonny had began acting in an abusive manner toward Plaintiffs' Decedent following the break-up, that Plaintiffs' Decedent was not safe, and that both Defendants ignored this information and took no action to protect Plaintiffs' Decedent. (*Id.* at ¶¶ 21-23, 30-32.)

Against Lockheed Martin, Plaintiffs allege negligence (Count I), vicarious liability (Count IV), wrongful death (Count VI), and a survival action (Count VII). Against U.S. Security, Plaintiffs allege negligence (Count II), assault and battery (Count III), vicarious liability (Count V), wrongful death (Count VI), and a survival action (Count VII).  In Counts I and II, Plaintiffs allege that Defendants breached their duty of care to "provide for and maintain a safe working environment." (Compl. ¶¶ 18-19, 27.) Plaintiffs allege that Defendants had actual and/or constructive notice of the unsafe workplace, but failed to take any action to remedy the dangerous condition "with conscious disregard or reckless indifference to [Lockheed Martin's] employees' safety." (*Id.* at ¶¶ 23, 34.)

Plaintiffs list the following acts and omissions on the part of Lockheed Martin as being the proximate cause of the Plaintiffs' Decedent's death: 1) hiring U.S. Security when Lockheed Martin should have known in the exercise of reasonable care that Zaldonny posed a threat to Lockheed Martin's employees, 2) failing to ensure that security policies and procedures were followed, 3) having inadequate policies with respect to security, 4) failing to provide an adequate security awareness program, 5) failing to report Zaldonny's abusive

2

behavior toward Decedent to U.S. Securities or the proper authorities, 6) failing to monitor the actions of Zaldonny, 7) failing to provide assault-avoidance materials, counseling or instruction to Lockheed Martin's employees, including Plaintiffs' Decedent, when it knew or had reason to know that Zaldonny was acting in an abusive manner toward Plaintiffs' Decedent. (*Id.* at ¶ 22.)

In Count IV, Plaintiffs incorporated all the preceding paragraphs in the complaint by reference, including those comprising Count I, and allege that Lockheed Martin was acting through its employees and agents, who were acting in the scope of their employment, and that Lockheed Martin is vicariously liable for the acts and omissions of its employees. (Compl. ¶¶ 43-45.)

On November 3, 2009, Defendant Lockheed Martin filed a Petition for Removal based on diversity of citizenship; on November 9, 2009, this Court issued a Memorandum Order denying the petition for removal due to defects in the allegations of diversity. On November 13, 2009, Lockheed Martin filed an Amended Notice of Removal, arguing that Lockheed Martin's principal place of business is, in fact, Bethesda, Maryland, thereby creating complete diversity of citizenship. On November 17, 2009, Plaintiffs filed a Motion to Remand, arguing that Lockheed Martin had not met its burden of proving that its principal place of business is in Maryland, and that diversity was not destroyed. This Court denied the Motion to Remand on February 10, 2010. (Doc. 14.)

On November 20, 2009, Lockheed Martin filed a motion to: 1) dismiss Count I for failure to state a claim upon which relief can be granted, 2) strike Count I for failure to state

3

a claim upon which relief can be granted,[1] 3) to dismiss Count IV for failure to state a claim on which relief can be granted, 4) for a more definite statement in Count IV pursuant to Fed. R. Civ. P. 12(e), 5) to strike punitive damages for failure to state a claim on which relief can be granted,[2] 6) to dismiss Count VI and Count VII for failure to state a claim on which relief can be granted, and 7) to strike paragraph 61(e) of the Complaint as being immaterial and impertinent. On December 23, 2009, U.S. Security filed its motion seeking to have any claims for punitive damages dismissed.

Both motions have been fully briefed and are ripe for disposition.

## **LEGAL STANDARD**

### **I. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S.

---

[1] The Court will treat this as a motion to dismiss. Motions to Strike are only appropriate where pleadings are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Motions to Dismiss, on the other hand are granted when the non-moving party has failed to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Lockheed Martin has not argued it its brief that Count I meets any of the criteria listed in Rule 12(f), instead focusing on Plaintiffs' failure to state a claim on which relief can be granted.

[2] The Court will treat this part of the motion as a motion to dismiss because Lockheed Martin's brief in support argues that Plaintiffs have failed to state a claim for punitive damages and has not focused any arguments on a contention that the punitive damage claims are "redundant, immaterial, impertinent, or scandalous."

4

at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v.*

*Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## II.     Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

FED. R. CIV. P. 12(f).

Generally, a motion to strike will be denied, unless it can be shown that no evidence in support of the allegation would be admissible. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (3d Cir. 1976); *see also Lyon Fin. Servs. v. Woodlake Imaging, LLC*, No. 04-3334, 2005 U.S. Dist. LEXIS 2011, at *26 (E.D. Pa. Feb. 9, 2005) (stating same). Accordingly, courts should not tamper with the pleadings unless there is a strong reason for so doing. *Id.*

## III.    Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Generally, motions for more definite statements

6

are only granted when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith without prejudice to itself." *Schmidt, Long & Assoc., Inc. v. Aetna U.S. Healthcare, Inc.*, No. CIV.A. 00-CV-3683, 2000 WL 1780231, at *2 (E.D. Pa. Dec. 4, 2000). "Motions for a more definite statement are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." *Kasteleva v. Judge*, No. 3:05-CV-1739, 2006 U.S. Dist. LEXIS 24493, at *10 (M.D. Pa. Apr. 24, 2006).

## **DISCUSSION**

**II.     Lockheed Martin's Motion**

**A)     Motion to Dismiss Count I**

**1) The "Personal Animus" Exception**

Lockheed Martin argues that Plaintiffs' negligence claim against Lockheed Martin should be dismissed because it is barred by Pennsylvania's Workmen's Compensation Act ("WCA"). In exchange for an employee's right to sue his employer for damages that are suffered in the course of employment, employees under the WCA have a statutory right to recover for all such injuries, regardless of negligence. *Kohler v. McCrory Stores*, 615 A.2d 27, 30 (Pa. 1992). However, there is an exception to this exclusivity; the WCA does not cover any injury "caused by an act of a third person intended to injure the employe (sic) because of reasons personal to him, and not directed against him as an employe (sic) or because of his employment." 77 PA. STAT. ANN. § 411(1). Therefore, the WCA "does not preclude damage recoveries by an employee, based upon employer negligence in maintaining a safe workplace, if such negligence is associated with injuries inflicted by a co-worker for purely

7

personal reasons." *Kohler*, 615 A.2d at 30.

In *Krasevic v. Goodwill Industries of Central Pennsylvania, Inc.*, 764 A.2d 561, 563 (Pa. Super. 2000), the plaintiff worked for Goodwill and was sexually assaulted by the defendant, who was an employee of a company that had been contracted by Goodwill to do training with Goodwill's employees. Applying the so-called "personal animus" exception to the WCA, the Pennsylvania Superior Court held that the record supported a finding that the plaintiff was attacked for purely personal reasons and that she could sue her employer under a negligence theory because the "personal animus" exception was applicable to the attack. *Id.* at 567.

In the case at bar, Plaintiffs have properly alleged a case that would fall into the "personal animus" exception to the WCA. Like the plaintiff in *Krasevic*, Plaintiffs' Decedent was attacked by a third-party who worked for a company, U.S. Security, that was contracted by her employer, Lockheed Martin, to provide on-site services. This attack occurred for reasons that were purely personal to Zaldonny, namely the dissolution of their personal romantic relationship. Therefore, the negligence claim alleged by Plaintiffs falls squarely into the "personal animus" exception, and is not subject to the usual exclusivity scheme envisioned in the WCA.

### 2. Failure to State a Claim

Lockheed Martin also argues that Plaintiffs have failed to state a claim for negligence on which relief can be granted. In Pennsylvania, the elements for a negligence action are 1) a duty on the part of the defendant to conform to a certain standard of conduct, 2) a breach of that duty by the defendant, 3) a causal connection between the conduct of defendant and

8

the resulting injury, and 4) damages or actual loss to the plaintiff's interests. *Alumni Association v. Sullivan*, 535 A.2d 1095, 1098 (Pa. Super. 1987) (citing *Casey v. Geiger*, 499 A.2d 606, 612 (Pa. 1985)). Employers have a common law duty to provide a safe workplace for their employees; the WCA has not relieved employers of this duty, but has eliminated an employee's ability to sue his employer in tort in certain situations. *Kosowan v. MDC Indus., Inc.*, 465 A.2d 1069, 1072-73 (Pa. Super. 1983). As noted above, one situation specifically excluded from the WCA's reach is the "personal animus" exception that is applicable in the instant case.

Plaintiffs have alleged that Lockheed Martin owed a duty to maintain a safe working environment. (Compl. ¶ 18.) They alleged that this duty was breached by failing to properly control, supervise, manage, and operate its Archbald, Pennsylvania facility. (*Id*. at ¶ 19.) They alleged that Plaintiffs' Decedent was killed as "a direct and proximate result" of Lockheed Martin's breach. (*Id.* at ¶ 24.) Therefore, the elements of a negligence action have been alleged, and Plaintiffs have stated a claim on which relief can be granted. Thus, Lockheed Martin's motion to dismiss Count I will be denied.

### B) Motion to Dismiss Count IV

Lockheed Martin also contends that Count IV should be dismisssed because Plaintiffs have not alleged that any acts of Lockheed Martin's employees, servants or agents were negligent, and that Plaintiffs have only alleged an independent contractor relationship between Lockheed Martin and U.S. Security. Under Pennsylvania law, an employer will be held vicariously liable for the negligence of his employee, provided that such acts were committed during the course and within the scope of employment. *Joseph M. v. Northeastern*

*Educational Intermediate Unit 19,* 516 F. Supp.2d 424, 445 (M.D. Pa. 2007). A plaintiff need not allege all of the details of an agency relationship for the purposes of vicarious liability, he need only "(1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or, if unauthorized, were ratified by the principal." *Alumni Assoc.*, 535 A.2d at 1100 n.2.

Count IV of the Complaint incorporates the paragraphs that precede it. Included in these allegations are contentions that Lockheed Martin's "agents, employees and/or servants failed to take action to stop and/or report" Zaldonny's aggressive behavior to U.S. Security or the police. (Compl. ¶ 15.) The vicarious liability claim alleges that Lockheed Martin was acting by and through its employees and is, therefore, liable for any negligent acts committed by their employees in the course of their employment.

These allegations are sufficient to make out a claim for vicarious liability. The agents are appropriately described as the Lockheed Martin employees who allegedly knew of Zaldonny's behavior and negligently failed to report these actions. The scope of authority is set out by their roles as employees of Lockheed Martin. Accepting all the facts alleged as true, as this Court must at this stage of litigation, Plaintiff has sufficiently alleged that employees of Lockheed Martin acted in a negligent manner during the course of their employment. This is enough to make out a claim for vicarious liability against Lockheed Martin. Therefore, Lockheed Martin's motion to dismiss Count IV will be denied.

### C) Motion for a More Definite Statement of Count IV

As noted above, the legal standard for a motion for a more definite statement is extremely high. Moreover, this Court has held that such motions are highly disfavored

because the federal rules only call for "relatively skeletal pleadings" and that any specific factual details regarding allegations should be uncovered through the discovery process. *A.M. Skier Agency, Inc. v. Creative Risk Services, Inc.*, No. 3:05-cv-0451, 2006 WL 167762, at *2 (M.D. Pa. Jan. 20, 2006).

Count IV of Plaintiffs' Complaint certainly meets the extremely low threshold that is required to survive a motion for a more definite statement. In fact, the claim has survived the even higher 12(b)(6) standard as outlined in the preceding section. Lockheed Martin can reasonably be expected to frame a responsive pleading and has not shown that its motion for the "highly disfavored" 12(e) remedy is appropriate in this case. As such, Lockheed Martin's Motion for a More Definite Statement will be denied.

**D)** **Motion to Dismiss Punitive Damages**

In Pennsylvania, punitive damages may be awarded for conduct that is outrageous because of the defendant's evil motives or "reckless indifference to others." *Burke v. Maassen*, 904 F.2d 178, 181 (3d Cir. 1990) (citing *Martin v. Johns-Manville Corp*, 494 A.2d 1088, 1096 (Pa. 1985)). The Third Circuit Court of Appeals has held that Pennsylvania courts would likely hold that "reckless indifference to others" would apply in situations where there is "evidence that the person actually realized the risk and acted in conscious disregard or indifference to it." *Id.* at 182-83. This was based on a plurality opinion of the Pennsylvania Supreme Court that "held that a jury may award punitive damages only where the evidence shows the defendant knows, or has reason to know, of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act in conscious disregard of, or indifference to, that risk." *Id.* at 182 (citing *Martin*, 494 A.2d at 1097).

The Complaint alleges that Lockheed Martin knew that 1) Zaldonny had been in a romantic relationship with Plaintiffs' Decedent, 2) that the relationship had ended, 3) that Zaldonny had become abusive toward Plaintiffs' Decedent after the break-up, 4) that Zaldonny was abusive on the morning of the shooting, 5) that Zaldonny carried a loaded weapon, and 6) that Plaintiffs' Decedent was unarmed. Despite the knowledge of these facts, Lockheed did not take any action to protect Plaintiffs' Decedent, which Plaintiffs allege was "outrageous conduct" taken "with conscious disregard or indifference to the facts which created a high degree of risk of physical harm to Plaintiffs' Decedent." (Compl. ¶ 25.)

These allegations are sufficient to make out a claim for punitive damages. Plaintiffs have set out the specific allegations that show that there were facts that create a high degree of risk of physical harm to Plaintiffs' Decedent, and, despite actual knowledge or constructive knowledge of these facts, Lockheed Martin deliberately continued to do nothing in conscious disregard of that risk. If true, and this Court must assume that they are at this stage, these facts constitute "outrageous conduct" sufficient to award punitive damages to Plaintiffs. Therefore, Lockheed Martin's motion to dismiss all claims for punitive damages will be denied.

### E)    Motion to Dismiss Counts VI and VII

Lockheed Martin argues that the wrongful death claim and the survival action should be dismissed because they are based on Counts I and IV of the Complaint, which should be dismissed. However, this Court will deny Lockheed Martin's motion to dismiss Counts I and IV. Therefore, Counts VI and VII need not be dismissed for a lack of underlying claims, and Lockheed Martin's motion to dismiss these claims will be denied.

### F) Motion to Strike Paragraph 61(e) of the Complaint

Lockheed Martin also moves to have paragraph 61(e) of the Complaint struck as impertinent and immaterial. Paragraph 61(e) of the Complaint seeks to recover damages in the survival action based on "Decedent's loss of enjoyment of life." Motions to strike are generally disfavored, but will be granted if the "allegations have no possible relation to the controversy . . . or if the allegations confuse the issues." *Krisa v. Equitable Life Assurance Soc'y*, 109 F. Supp.2d 316, 319 (M.D. Pa. 2000) (citations omitted). Pennsylvania courts have held that "loss of life's pleasures or amenities is simply not one of the elements of recovery in wrongful death and survival actions." *Willinger v. Mercy Catholic Med. Ctr.*, 393 A.2d 1188, 1191 (Pa. 1978) (internal quotations omitted).

Pennsylvania law is clear that loss of enjoyment of life is not a proper consideration for damages in a survival action. Therefore, any attempt by Plaintiffs to recover damages on such a basis has no possible relation to the controversy at bar. Thus, Lockheed Martin's motion to strike paragraph 61(e) will be granted.

### III. U.S. Security's Motion

U.S. Security argues that Plaintiffs' claims for punitive damages should be dismissed for failure to state a claim upon which relief can be granted. As discussed earlier, punitive damages are appropriate where "the evidence shows the defendant knows, or has reason to know, of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act in conscious disregard of, or indifference to, that risk." *Burke*, 904 F.2d at 182.

Plaintiffs have alleged that U.S. Security knew that Zaldonny was in a romantic

relationship with Plaintiffs' Decedent, that Zaldonny began acting in an abusive manner toward Plaintiffs' Decedent after the break-up, and that Plaintiffs' Decedent might be assaulted. (Compl. ¶¶ 30-32.) Despite this knowledge, U.S. Security failed to take any action. As with Lockheed Martin, Plaintiffs have set out sufficient allegations of a high degree of risk of physical harm to Plaintiffs' Decedent and alleged that U.S. Security deliberately failed to act in conscious disregard of that risk. At this stage of the proceedings, Plaintiffs have alleged sufficient facts to entitle them to punitive damages. Therefore, U.S. Security's motion to dismiss will be denied.

## **CONCLUSION**

For the foregoing reasons, Lockheed Martin's motion will be denied in part and granted in part, and U.S. Security's motion will be denied. An appropriate order follows.

February 12, 2010                  /s/ A. Richard Caputo
Date                                          A. Richard Caputo
                                                           United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SABRIC and GENEVIEVE SABRIC, | NO. 3:09-CV-02237 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| LOCKHEED MARTIN and US SECURITY ASSOCIATES, INC., | |
| Defendants. | |

## ORDER

**NOW**, this  12th  day of February, 2010, **IT IS HEREBY ORDERED** that:

(1) Defendant Lockheed Martin's Motion For a More Definite Statement, to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted, and to Strike (Doc. 5) is **DENIED in part and GRANTED in part,** as follows:

   a) Defendant Lockheed Martin's Motion to Dismiss is **DENIED.**
   b) Defendant Lockheed Martin's Motion for a More Definite Statement is **DENIED**.
   c) Defendant Lockheed Martin's Motion to Strike Paragraph 61(e) of the Complaint is **GRANTED**.

(2) Defendant U.S. Security's Motion to Dismiss (Doc. 11) is **DENIED**.

                                               /s/ A. Richard Caputo
                                               A. Richard Caputo
                                               United States District Judge