# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SABRIC and GENEVIEVE SABRIC, CO-EXECUTORS of the ESTATE of DEBORAH BACHAK<br><br>Plaintiffs,<br><br>v.<br><br>LOCKHEED MARTIN and U.S. SECURITY ASSOCIATES, INC.,<br><br>Defendants. | CIVIL ACTION NO. 3:09-cv-2237<br><br>(JUDGE CAPUTO) |

## MEMORANDUM ORDER

Presently before the Court is Plaintiffs' request for an internal report prepared by Defendant Lockheed Martin's Senior Security Manager Wendy Evans following the shooting death of Plaintiffs' Decedent, Deborah Bachak, on December 16, 2008. For the reasons stated below, Defendant will be ordered to submit this report to the Court for an *in camera* review so that it may redact privileged portions before the report is made available to the Plaintiffs. Defendant argues that the self-critical analysis privilege and the attorney work-product privilege preclude discovery of the report. While the Court finds that the self-critical analysis privilege does not apply and that, as to the report as a whole, the attorney work-product privilege does not apply either, the Court will review the report to ensure that any legal opinions or attorney mental impressions it contains remain privileged.

The scope of discovery in federal court is provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure. It states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and

> the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The self-critical analysis privilege has been found in some cases to protect evaluative materials created in accordance with governmental requirements or for purposes of "self-improvement." *Craig v. Rite Aid Corp.*, No. 4:09-cv-2317, 2010 WL 5463292, at *2 (M.D. Pa. Dec. 29, 2010) (internal citations omitted). No court in the Middle District of Pennsylvania has recognized the privilege. *Id.* at *5. Further, the Third Circuit has also expressly declined to recognize the privilege. *Alaska Elec. Pension Fund v. Pharmacia Corp.*, 554 F. 3d 342, 351 n. 12 (3d Cir. 2009). However, it has been endorsed by several courts in the Eastern District of Pennsylvania. *See Clark v. Pa. Power & Light Co., Inc.*, No. 98-3017, 1999 WL 225888 (E.D. Pa. Apr. 14, 1999). The privilege is typically recognized in instances when the court finds that the public interest outweighs the needs of the private litigants to have access to the relevant information. *Craig* at *3.

Here, the court does not find that there is a compelling public interest that outweighs the needs of the Plaintiffs to have access to this information. Defendant does not argue that the report was produced in accordance with governmental requirements, or that it evaluates how Defendant complied with such requirements. Defendant appears to ground its argument for the privilege in the "self-improvement" prong of the self-critical analysis privilege. While the Court encourages companies to generate such reports, the Court declines to rule here that such reports are privileged for that reason. The report potentially contains highly relevant information for Plaintiff's case, including witness statements made

2

shortly after the incident, and the Court does not believe that making such a report discoverable will having a chilling effect on companies doing investigations and creating such reports.

The attorney work-product privilege, introduced by the United States Supreme Court in *Hickman v. Taylor*, 325 U.S. 495 (1947) and later codified in the Federal Rules of Civil Procedure at 26(b)(3), protects from discovery "documents and tangible things that are prepared *in anticipation* of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3) (emphasis added). This privilege extends to "material prepared by *agents* for the attorney as well as those prepared by the attorney himself." *U.S. v. Nobles*, 422 U.S. 225, 238 (1975) (emphasis added). However, "[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision." Fed. R. Civ. P. 26(b)(3) advisory committee's note. A party claiming work-product immunity bears the burden of showing that the materials in question "were prepared in 'the course of preparation for possible litigation.'" *Haines v. Liggett Group, Inc.*, 975 F. 2d 81, 94(3d Cir. 1992)(quoting *Hickman,* 329 U.S. at 505). Furthermore, it is insufficient for the party claiming work product privilege to merely assert that the materials were prepared "in connection with" the subject matter of the dispute. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F. 3d 124 (3d Cir. 2000). Even if a work-product privilege is established, however, the privileged materials may be discovered if they are "otherwise discoverable under Rule 26(b)(1)" and the party seeking discovery shows that it has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their

3

substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)(ii).  However, in allowing discovery, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

Here, the Defendant has not met its burden and shown that the report was prepared in the course of preparation for litigation.  Defendant has not made any claims that, Ms. Evans, in conducting her investigation and writing the report, was *directed* to do so by Defendant's counsel, and it appears that she was acting solely in her capacity as an employee for the Defendant when she wrote the report.  Further, there has been no assertion by the Defendant that it directed Ms. Evans to carry out the investigation in anticipation of possible litigation.  While such a possibility may have gone through Defendant's or Ms. Evan's mind, that is not the applicable standard.  Finally, assuming *arguendo* that the report was protected by the attorney work-product privilege, Plaintiff has demonstrated that they have a substantial need for the report and cannot obtain a substantial equivalent to it without undue hardship. The report contains witness statements taken two days after the shooting incident.  The clarity of the witnesses' memories and recollections of the incident have obviously permanently eroded with the passing of time, and these statements provide potential evidence as to what these witnesses experienced that cannot be gathered in any other way.

However, Defendant claims that the documents contain not only the investigator's summaries of the witness interviews and objective factual information compiled by the Defendant, but "mental impressions, conclusions, opinions or legal theories of Defendant's

4

counsels and Defendant and\or their agents or representatives." Since this material is clearly not discoverable, Defendant will submit the documents to the court for *in camera* inspection so that the Court may redact any material privileged under Fed. R. Civ. P. 26(b)(3)(B).

    **NOW**, this   23rd   day of February, 2011, **IT IS HEREBY ORDERED THAT** within ten (10) days Defendant submit to the Court Ms. Evan's internal report into the December 16, 2008 shooting for *in camera* review. After any necessary redactions are made by the Court, the Defendant will make the report available to the Plaintiffs.

                                        /s/ A. Richard Caputo
                                        A. Richard Caputo
                                        United States District Judge