IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW SABRIC and GENEVIEVE :
SABRIC, CO-EXECUTORS of the :
Estate of Deborah Bachak, :
:
    Plaintiff, :
: CIVIL ACTION NO. 3:CV-09-2237
    v. :
: (JUDGE CAPUTO)
LOCKHEED MARTIN AND U.S. :
SECURITY ASSOCIATES, INC., :
:
    Defendants. :

## MEMORANDUM ORDER

The issue before me is whether the material submitted to me for an *in camera* review qualifies as work product of Defendant, U. S. Security Associates, Inc., and is therefore not discoverable by Plaintiffs.

The murder-suicide occurred on December 16, 2008. The materials reviewed consist of the documents created by an investigator, Joseph Gill, at the request of counsel for Defendant, U. S. Security Associates, Inc. It began by a request from counsel on December 16, 2008 and the last document is dated January 26, 2009, although the investigation is noted as continuing. There are a series of reports by Mr. Gill between December 16, 2008 and January 26, 2009. Several documents are titled "Client Privilege Information". Others are titled "Report of Investigation". Still others are titled "Report of Interview". No documents are labeled that they were prepared in anticipation of litigation. Even so, it is not necessary to so label documents in order to protect them via the work product privilege, just as it is that any document so labeled would not necessarily qualify as such.

Here, my review demonstrates that this investigation was requested by counsel on the same day as the murder-suicide. It is also true that the documents are the investigator's version of the people he interviewed, and they contain opinions and mental impressions of Mr. Gill. The promptness with which the investigation was ordered can be argued as mitigating against the investigation being in anticipation of litigation. However, it is clearly prudent to conduct an investigation as soon after events such as these occur to be prepared for the possibility that litigation will ensue. I am therefore not persuaded that the promptness of the investigation demonstrates it was not in anticipation of litigation. Indeed, the party claiming the work product privilege must show that the materials in question "were prepared in 'the course of preparation for possible litigation.'" *Haines v. Leggett Group, Inc.*, 975 F.2d 81, 94 (3d Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 505 (1947)). In my view, Defendant has met this burden. It is palatable that this investigation was in the course of preparation for "possible" litigation. The facts and circumstances were of such a nature as to suggest the potential for litigation. Prompt attention to an investigation does not run counter to the investigation being classified as work product. And, it is apparent from a review of the material that mental impressions and opinions run through the materials sought to be protected.

Therefore, I am of the view that the material is work product, and is protected from discovery.

NOW, THIS 23rd DAY OF MAY, 2011, IT IS HEREBY ORDERED that Defendant U. S. Security Associates, Inc.'s motion for a protective order as to the investigation of Joseph Gill is **GRANTED**.

_____
A. Richard Caputo
United States District Judge